[713 NYS2d 202]

In the Matter of STANLEY B. MICHELMAN (Admitted as STAN-LEY BRENT MICHELMAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 11, 2000

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing 29 charges of professional misconduct. After a hearing, the Special Referee sustained all 29 charges. The Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor responded to the Grievance Committee's motion.

The charges fall into four categories: (1) improperly making cash withdrawals from his escrow account (Charge One), (2) failing to maintain a duly-constituted escrow account in breach of his fiduciary duty by disbursing funds not corresponding with those on deposit (Charges Two through Eight and Charge Twenty), (3) permitting an individual not admitted as an attorney in New York State to sign checks drawn on his attorney escrow account (Charge Nine), and (4) commingling personal funds with client funds (Charges Ten through Nineteen and Twenty-One through Twenty-Nine).

As set forth in the stipulation executed by the parties on May 10, 1999, the respondent admitted in his answer, dated March 23, 1999, all of the factual specifications set forth in Charges One through Twenty-Nine. The stipulation states, "[a]ccordingly, there being no factual dispute, the respondent stipulates to all the facts as recited in Charges One through Twenty-Nine inclusive."

Based upon the evidence adduced at the hearing and the respondent's admissions, the Special Referee properly sustained Charges One through Eighteen and Twenty-One through Twenty-Nine, but Charges Nineteen and Twenty were duplicative and should not have been sustained. The Grievance

Committee's motion to confirm the report of the Special Referee is granted to the extent that so much of the report of the Special Referee as sustains Charges One through Eighteen and Twenty-One through Twenty-Nine is granted, and is denied with respect to Charges Nineteen and Twenty which were not properly sustained.

In determining an appropriate measure of discipline to be imposed, the respondent's position, as expressed in his proposed findings and conclusions submitted to the Referee, is that he did not commit acts of professional misconduct. Rather, he alleges that he endeavored to safeguard his client's interests by paying the expenses involved in private adoptions in an expeditious and meticulously documented manner. He contends that his payments were scrutinized and approved by both his clients and the courts which were overseeing the adoptions.

Further, the respondent testified at the hearing that his wife died of pancreatic cancer in October 1993 after a 15-month illness. His grandson died in December 1998 at the age of 4½ years old as a result of Tay-Sachs disease. As a result, the respondent became involved with a number of civic organizations dealing with genetic diseases. A character witness produced by the respondent testified that she was unaware of the specific requirements pertaining to attorney escrow accounts and could not review his records for compliance therewith.

In addition to the three-year suspension imposed by this Court as a result of the prior disciplinary proceeding, the respondent has been the subject of three Letters of Admonition. Two of those emanated from the respondent's conduct in adoption proceedings, and the third involved the respondent having engaged in deceitful conduct before this Court regarding appeals from orders of the Surrogate's Court, Westchester County, which reduced his fees in adoption matters.

As the respondent has admittedly failed to safeguard funds which had been entrusted to him to be held in escrow, commingled personal funds with client funds, permitted an individual not licensed to practice law in New York to make disbursements against his attorney escrow account, and drew checks payable to cash on his escrow account, he is guilty of professional misconduct which warrants his disbarment.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that so much of the

report of the Special Referee as sustains Charges One through Eighteen and Twenty-One through Twenty-Nine is confirmed, and the motion to confirm is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Stanley B. Michelman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stanley B. Michelman is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.